IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ISRAEL CASTILLO-CABRERA,<br><br>　　　　　　　　　Defendant.<br>_____ / | CASE NO. CR-09-0019 LJO AND<br>CV-09-1473 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

**INTRODUCTION**

Defendant Israel Castillo-Cabrera ("defendant") is a federal prisoner and proceeds pro se to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 petition on the record and denies defendant's requested relief.

**BACKGROUND**

**Plea Agreement**

Defendant entered into an April 9, 2009, F.R.Crim.P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which defendant voluntarily agreed to plea guilty to being a deported alien found in the United States, a felony, in violation of Title 8, United States Code, section 1326. (Doc. 10.)

Defendant agreed to the factual basis of the Indictment: "[t]he defendant concedes that he will plead, and is pleading, guilty to the crime set forth in the indictment, because he is, in fact guilty of that offense." (Doc. 10, Plea Agreement p.6.) Defendant admitted the following facts as part of his plea:

　　(1) Defendant is a native and citizen of Mexico and is not a citizen of the United States of America;

　　(2) On or about August 18, 1993, the defendant was removed from the United States;

　　(3) The defendant was found in the Eastern District of California on or about June 4, 2008;

　　(4) the defendant's re-entry into the United States was without the permission of the United States Attorney General or the Secretary of the

Department of Homeland Security; and

(5) On or about June 16, 1993, the defendant was convicted of possession of marijuana for sale in violation of the California Health and Safety Code §11359, in the Superior Court of California, County of Los Angeles, and the defendant was sentenced to 210 day imprisonment. (Doc. 10, Plea Agreement p.6-7.)

In the plea agreement, defendant stated that he "fully understands and agrees" that he entered the "plea of guilty to the charge in the indictment of being a deported alien found in the United States," and that he "stipulates to the truth of all of the facts in the factual basis."  In his plea agreement, defendant stated that he "fully understands and agrees" that he knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, a waiver of appeal of the plea, and to attack the plea collaterally under 28 U.S.C. §2255.  The plea agreement provided defendant's knowing and voluntary waiver of his rights to appeal "his sentence, directly or subsequently, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government as set forth below."  (Doc. 94 p.4.)

Defendant's plea was taken in open Court on April 10, 2009 with a confirmation of the terms of the plea and a waiver of appeal rights.  (Doc. 11.)

> Q:   And if you look at page 2 of the plea agreement, it says that the elements are that you are not a citizen of this country, you were removed from the United States and later found in this country, having reentered without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security of this country.  Do you understand those to be the elements of the crimes to which you wish to plead?
>
> A:   Guilty.

(Transcript p. 4:10-18.)[1]  Defendant orally stated that he agreed he had talked with his lawyer about the terms of the plea agreement.

> Q:   And your signature on this document tells me that you have had a chance to review it with your lawyer with the help of an interpreter and that if you had questions, you asked her those questions and she answered them to your satisfaction.  Is that what your signature means to you?

---

[1] See transcript filed in Case No. CR-F-09-0019 LJO, document no. 14.

| | | |
|---|---|---|
| A: | Yes. | |

(Transcript p.4:24 to p.5:2.) Defendant orally stated that he read the plea agreement and understood it.

Q: And on page 6, from line 21 down to the bottom, and at the top of page 7, those are the factual grounds for the plea. Did you have a chance to review all of that part and every other part, of course, of this plea agreement?

A: Yes.

Q: Was there anything that you did not understand?

A: No.

Q: Was there anything that you believe was untrue about that factual statement?

A: Everything is fine.

(Transcript p. 5:5-14.)

## Section 2255 Petition

On August 19, 2009, defendant filed his 2255 petition to dismiss his indictment based on purported ineffective assistance of counsel. The papers claim ineffective assistance of counsel because counsel failed at the outset of his criminal proceeding to move the Court to dismiss the indictment for the reentry charge because the underlying deportation in 1993 resulted from an allegedly unconstitutional deportation hearing. Defendant argues that counsel should have been diligent at the outset of the criminal proceeding to move to dismiss the indictment because his prior deportation hearing was fraught with constitutional violations. Defendant argues the underlying, initial deportation failed to provide due process and therefore the prior deportation order could not be the basis of the criminal office in the Indictment. In this regard, defendant makes a two prong attack. First, the immigration hearing was procedurally flawed. Defendant contends he does not speak English, was not provided an interpreter, or informed he could be represented by counsel. Second, the conviction in the underlying offense of drug trafficking, which supported the initial deportation, was not a federal offense for which deportation should have been considered. (Doc. 13, 2255 Petition, p. 10 of 35.)

## DISCUSSION

### Waiver

The plea agreement contained an express waiver of defendant's 2255 petition and waived his right to attack his sentence collaterally with a section 2255 petition. The waiver precludes claims, if any, as to this Court's failure to consider or address defendant's deportability as an element of the crime.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed to a waiver of all constitutional and statutory challenges to his plea:

> "The defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea . . . and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3742 or otherwise." (Doc. 10, p. 3.)

A guilty plea waives any prior constitutional violation. A guilty plea is "a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1602, 36 L.Ed.2d 235 (1973) ("a guilty plea represents a break of the chain of events which has preceded it in the criminal process.... [After entering a guilty plea, a defendant] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Generally, a guilty plea erases claims of constitutional violations arising before the plea. *See United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989).

Here, the plea agreement specifically states that defendant is waiving any constitutional claims with regard to his plea. Any violations in the underlying deportation were waived because the 1993

4

deportation was incorporated into the plea agreement. "The scope of a knowing and voluntary waiver is demonstrated by the express language of the plea agreement." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). The underlying deportation formed the predicate act for the indictment which was encompassed within the plea. Accordingly, defendant's knowing and voluntary waiver of constitutional and statutory rights to the factual basis forming the predicate act, waives the claims for purported constitutional violations in the 1993 deportation hearing. Thus, defendant knowingly and voluntarily waived any constitutional or statutory challenges to the crime to which he plead guilty.

### Ineffective Assistance Of Counsel

A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064.

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066.

In *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme

Court adapted the two part *Strickland* standard to challenges to guilty pleas based on ineffective assistance of counsel. The voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. The defendant must show that counsel's representation fell below an objective standard of reasonableness. Second, there must be prejudice to the defendant in that but for counsel's unprofessional errors, he would have not pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 57-59; *see United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988) (in order to satisfy the second prong of *Strickland* test in plea agreement context, defendant must show that but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial).

### *Strickland's* Objective Standard of Reasonableness

Here, defendant challenges his counsel's failure to move to dismiss the indictment due to purported unconstitutional deportation.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2052. A petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

This Court finds that counsel's failure to move to dismiss the indictment based upon the 1993 deportation does not fall below the objective standard of reasonableness. The failure to challenge a long distant deportation does not fall outside the range of reasonableness. There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The presumption supports that counsel made reasonable strategic decisions not to pursue a long-ago deportation in lieu of plea agreement which granted defendant a substantial sentence reduction. Indeed, in this plea, defendant received a sentence of 18 months as opposed to the maximum possible sentence of 20 years. (See Plea Agreement p.6.) It is objectively reasonable for counsel to pursue a plea deal with a minimal sentence rather than risk chasing a ghost. Here, defendant cannot make that showing that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would

exercise.

### *Strickland's* and *Hill's* Showing of Prejudice

A defendant is limited to attacking the voluntary and intelligent nature of the plea itself. *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quoting *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602)."[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. 366.  When a defendant enters a guilty plea on the advice of counsel, the voluntariness of the plea depends on whether a counsel's advice was deficient. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Defendant's ineffective assistance of counsel claim does not attack the voluntary or intelligent nature of his plea.  Defendant does not claim that the counsel's advice was inadequate in any way with respect to the plea he entered; his complaint is only that he lost the possibility of challenging the underlying deportation.  His claim does not relate to his knowing or intelligent waiver of his rights in his plea. Indeed, at the change of plea, the knowing voluntary waiver was explored extensively.  During the change of plea at sentencing hearing, the Court reviewed the terms of the plea agreement with defendant.  The Court inquired whether defendant had read and understood the plea agreement, whether he had discussed it with counsel , and whether his signature appealed on the plea agreement.  To each question, defendant responded "yes." The Court advised defendants of the rights he would lose by entering a plea of guilty and the maximum penalty provided by law for the offense.  The Court also inquired whether defendant had signed the plea agreement voluntarily. Defendant responded "yes." The Court also inquired about waiving appeal rights to which defendant responded "yes." Further, defendant received substantial benefits from the plea agreement.  Rather, than facing a maximum 20-year sentence, defendant was sentenced to 18 months.

Defendant does not allege that he would have insisted on going to trial, rather than take a plea agreement.  Defendant does not meet the *Hill* second requirement that defendant allege that he would have rejected the plea agreement if his counsel had "properly" advised him as to the law. *See e.g.*, *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) ("conclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief."). *See also Stein*

*v. U.S.*, 390 F.2d 625, 627 (9th Cir.1968) ("[i]t is well-established that mere conclusory allegations are not sufficient to warrant relief under a § 2255 motion"). Indeed, in defendant's knowing and voluntary waiver as part of his written plea and at the acceptance of oral plea, defendant acknowledged his guilt of the crimes charged. He acknowledged the factual bases for the indictment and admitted the charge. Defendant's habeas claim relates solely to the earlier purported constitutional deprivation which have been waived by the subsequent guilty plea. *Tollett*, 411 U.S. at 267, 93 S.Ct. 1602.

**Cases Cited by Defendant in his Petition**

Defendant relies upon numerous cases which permit a collateral attack on a deportation order. An alien has the Fifth Amendment right to collaterally attack his immigration removal order in the criminal proceeding "because the removal order serve[d] as a predicate element of his conviction." *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004). Because the underlying removal order serves as a predicate element of an illegal reentry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause. *U.S. v. Mendoza-Lopez*, 481 U.S. 828, 837-38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987).

None of the cases relied upon by Defendant, however, involved a plea agreement. Each case involved a direct appeal of the conviction for reentry. *See, e.g, United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)(appeal of dismissed indictment charging aliens with reentry); *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir.2004) (appeal of conviction for reentry); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir.2004) (appeal of conviction for reentry). Thus, defendant's cases are inapplicable in the face of his knowing and voluntary waiver of constitutional rights in his plea agreement and his failure to satisfy the *Hill* and *Strickland* factors for ineffective assistance of counsel.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 relief. The clerk is directed to close Case No. CV F 09-1473 LJO.

IT IS SO ORDERED.

**Dated:   September 9, 2009**                    **/s/ Lawrence J. O'Neill**

1 UNITED STATES DISTRICT JUDGE

9